FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 3 1 2003

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                                                       Civ. No. 02-0713 JP/RLP
                                                       Cr. No. 00-0944

MARTHA TERRAZAS-TORRES,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Federal Medical Center-Carswell in Fort Worth, Texas. She attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States v. Terrazas-Torres*, Cr. No. 00-0944 JP, entered on May 23, 2001 [Cr. Doc.59].

    2.    Defendant pled guilty to Reentry of a Deported Alien Previously Convicted of as an Aggravated Felony, in violation of 8 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2). She was sentenced to 41 months' imprisonment, to be followed by three years of supervised release. Defendant filed an appeal with the Tenth Circuit Court of Appeals on the ground that the district court erred in denying a downward departure from the

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



guideline sentence. Because a mere refusal to grant a downward departure is not appealable, the court dismissed the appeal for want of jurisdiction See Cr. Docket 66 at 2 (citing *United States v. Castillo*, 140 F.3d 874, 877 (10th Cir. 1998)).

3.  Defendant's § 2255 Motion contends that the district court (1) misapplied the sentencing guidelines; (2) chose the wrong guideline for sentencing, (3) erred by not considering mitigating circumstances; and (4) failed to use the "margin of error calculation" for sentencing. She contends that her counsel was ineffective by failing to raise these issues at sentencing or on appeal.

4.  To prevail on an ineffective assistance of counsel claim, a defendant must show *both* (1) that counsel's performance fell below an objective standard of reasonableness; and (2) but for this deficient performance the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). This standard applies at plea and sentencing hearings as well as at trial. *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996). A failure to raise a meritless issue is not ineffective assistance of counsel. *United States v. Dixon*, 1 F.3d 1080, 1084 n.5 (10th Cir. 1993), *abrogated on other grounds*, *Florida v. White*, 526 U.S. 559 (1999).

5.  Defendant's first two claims are that she received an "illegal sentence" by the court's misapplication of the Sentencing Guidelines and also choosing the wrong guideline. "An alien who has previously been convicted of an aggravated felony and who later illegally reenters the United States after deportation is subject to a fine, imprisonment for not more than twenty years, or both." *United States v. Soto-Ornelas*, 312 F.3d 1167, 1168-69 (10th Cir. 2002), *pet. for cert. filed March 3, 2003*. Defendant argues that her

2

prior conviction for drug trafficking does not constitute an aggravated felony and thus the district court incorrectly raised her base offense level from 8 to 24 with a 16-point enhancement under the Sentencing Guidelines.

6.   In 1991 Defendant was charged with possession with intent to distribute more than 100 grams of heroin and aiding and abetting. She was sentenced to 60 months' imprisonment after pleading guilty to those charges. See Pre-Sentence Report, attached as exhibit to United States' Response [Doc. 9]. Those charges were brought under 21 U.S.C. § 841(a)(1) and (b)(1)(B). Under 8 U.S.C. § 1101(a)(43)(B), a prior conviction constitutes an "aggravated felony" for sentencing purposes if it qualifies as "a drug trafficking crime (as defined in section 924(c) of Title 18)." 18 U.S.C. § 924(c) states that "drug trafficking crime" means, in pertinent part, "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)." See United States v. Valenzuela-Escalante, 130 F.3d 944, 946-47 (10th Cir. 1997). Because the enhancement factor of 16 is correct under the Sentencing Guidelines, counsel was not ineffective for failing to raise this issue on appeal.

7.   Defendant argues that the court erred in not considering mitigating circumstances. Her arguments were all raised before the district court judge, who denied her request. See Motion for Downward Departure [Doc. 54]; see also ¶ 2, supra. Thus counsel cannot have been ineffective on this ground.

8.   Finally, Defendant argues that the district court failed to use the "margin of error" calculation for sentencing. Application of the "margin of error" usually only applies in calculating drug quantities, which is inapplicable in this reentry case. The Government

has construed Defendant's claim as one for application of the rule of lenity. That rule only applies when the meaning of a statute is unclear and the court should impose the less harsh result. See *Soto-Ornelas*, 312 F.3d at 1171-72. The Sentencing Guidelines as applied in this case are not ambiguous. This claim also fails.

### RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge